**Leticia Torres GARCIA; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–74940.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2011.[*]

Filed Jan. 18, 2011.

Curtis F. Pierce, Law Offices of Curtis F. Pierce, Los Angeles, CA, for Petitioners.

OIL, Genevieve Holm, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM [**]

Leticia Torres Garcia and her three children, natives and citizens of Mexico, petition for review of the Board of Appeals' ("BIA") decision dismissing their appeal from an immigration judge's ("IJ") order of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *See Avila–Sanchez v. Mukasey,* 509 F.3d 1037, 1040 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Petitioners' contention that the IJ violated due process by severing their case from that of Jaime Soria Garcia fails because they did not demonstrate prejudice. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (requiring prejudice to prevail on a due process challenge). Similarly, petitioners failed to establish that they were prejudiced by the IJ's issuance of a summary decision. *Id.*

We lack jurisdiction over petitioners' contention that the IJ failed to issue a written memorandum summarizing the oral decision in accordance with 8 C.F.R. § 1003.37 because that contention was not exhausted before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

We also lack jurisdiction to review the agency's decision not to administratively close proceedings. *See Diaz–Covarrubias v. Mukasey*, 551 F.3d 1114, 1118–20 (9th Cir.2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**